11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ralph M. MALONE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3263.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ralph Malone petitions for review of the February 10, 1993 decision of the Merit Systems Protection Board, No. SF0831930173-I-1, dismissing his appeal for lack of jurisdiction. The Board concluded that Malone failed to show that the Office of Personnel Management (OPM) had issued a final reconsideration decision, a prerequisite to the Board's jurisdiction. We affirm the Board's decision.
 
 
 2
 Malone first notified OPM in a letter dated September 8, 1992, that he disagreed with adjustments made to his retirement deductions on December 18, 1987 and February 17, 1988. On October 23, 1992, Malone filed an appeal with the Board, contending that his September letter to OPM seeking review of OPM's actions concerning his retirement exhausted all administrative procedures required to obtain Board review. However, OPM had not issued an initial or final decision in response to Malone's objections at the time Malone filed his appeal with the Board. The Board ruled that because OPM had not issued a reconsideration decision, the Board lacked jurisdiction to consider Malone's appeal. The Board dismissed the appeal without considering the merits.
 
 
 3
 We must affirm decisions of the Board unless they are: arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 The Board's jurisdiction is limited to that specifically granted to it by law, rule or regulation. 5 U.S.C. Sec. 7701(a) (1988). The Board may not adjudicate an appeal by an individual whose rights or interests are affected by an OPM action under the Civil Service Retirement System until a final reconsideration decision has been issued by OPM. See 5 U.S.C. Sec. 8347(d)(1) (1988); 5 C.F.R. Secs. 831.109, 831.110 (1992).
 
 
 5
 Malone argues that OPM's refusal to act in response to his September letter substituted for a reconsideration decision and, therefore, the Board did have jurisdiction over his appeal. The Board has held that where OPM improperly failed to respond to an appellant's repeated requests for a decision, the absence of a reconsideration decision would not preclude the Board's jurisdiction. Garcia v. Office of Personnel Management, 31 M.S.P.R. 160, 161 (1986). However, Malone did not make repeated requests to OPM. He made only one request and waited only six weeks before filing an appeal. The Board concluded that this delay did not constitute an arbitrary refusal to act sufficient to give the Board jurisdiction over Malone's appeal. We cannot say that the Board's decision was an abuse of discretion.
 
 
 6
 Before this court, Malone argues that OPM's refusal to act should be measured from the dates of the adjustments made to his retirement deductions, December 18, 1987 and February 17, 1988, not the date of his September, 1992 letter to OPM. This argument fails to carry any weight. OPM cannot be required to respond to errors perceived by Malone before being notified of the alleged errors.
 
 
 7
 Malone further argues that his due process rights were violated because OPM did not notify him of the adjustments in his retirement deductions at the time they were made. He did not become aware of the adjustments until August 22, 1992. This argument goes to the merits of Malone's case which the Board cannot address without having jurisdiction over the appeal. We also do not reach the merits of this case in reviewing the Board's decision.
 
 
 8
 As the Board pointed out, Malone may take up the merits of his protest with OPM, and after OPM issues a reconsideration decision, he may appeal that decision to the Board. Until these events take place, however, the Board has no jurisdiction over his appeal, which is properly dismissed.